EDWARD B. WHEELER & another *vs.* CHARLES N. SOUTHER.

The payee of an order not negotiable, payable out of a particular fund, and not expressed to be for value received, which has never been presented for acceptance or payment, cannot maintain an action thereon against the drawer, upon proof that the latter, after the commencement of the action, admitted the amount to be due from him to the payee.

THIS action was brought by the payees against the drawer of an order, of which the following is a copy : —

" Mr. T. W. Herrick. Please pay to Messrs. Wheeler & Morton forty-two $\frac{23}{100}$ dollars, and charge same to the account of the house building on lot No. 16, on plan of Webster place, Newton, which is in your hands for sale.

NEWTON, Dec. 23, 1845. CHARLES N. SOUTHER."

The declaration contained the common money counts, and also a count on the order.

The case was submitted to the court of common pleas, and by appeal to this court, upon the testimony of a witness, who stated, that after the writ had been made and given to an officer for service, the witness accompanied the officer to the defendant's store, and there had a conversation with the defendant, in which the latter admitted that the amount of

the order was due from him to one of the plaintiffs, and said that he should pay the same at some time, although he was not then able to do so.

The case was submitted without argument.

FLETCHER, J. There must be a nonsuit of the plaintiffs entered in this case, and judgment thereon for the defendant. The burden of proof is on the plaintiffs, and they have failed to sustain that burden, by any satisfactory proof of their claim against the defendant. There is no proof, that the order was ever presented to the drawer for acceptance or payment, and no evidence of any notice to the defendant of non-acceptance and non-payment. The order is not a negotiable paper, being payable out of a particular fund; there is no value expressed as received, and no promise to pay. The admission of the defendant of being indebted is quite too loose and uncertain, and better evidence, surely, might have been offered, if there was in fact a debt due. The plaintiff is bound to make out his claim satisfactorily, but fails to do so, and must thereupon fail to recover of the defendant